**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA and NICOLE ZELMA,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK BURKE, individually and as CEO of Computer Telephony Innovations, Inc.; BRUCE BURKE, individually and as Chairman and Senior Officer of Computer Telephony Innovations, Inc.; and COMPUTER TELEPHONY INNOVATIONS, INC. d/b/a/ VOXTELESYS.COM,<br><br>Defendants. | Civil Action No.: 2:16-02559-CCC-MF<br><br>OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on the motion of Defendants Computer Telephony Innovations, Inc. ("CTI"), Patrick Burke, and Bruce Burke (collectively, "Defendants") to dismiss the Complaint of *pro se* Plaintiffs Richard M. Zelma and Nicole Zelma (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6), and the motion of Patrick Burke and Bruce Burke to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). ECF Nos. 6, 7. Plaintiff Richard Zelma opposes the motions.[1] ECF No. 12. No oral argument

---

[1] It appears Plaintiff Richard Zelma signed the opposition to Defendants' motions on behalf of Plaintiff Nicole Zelma. As a *pro se* litigant, Plaintiff Richard M. Zelma may not represent Plaintiff Nicole Zelma in any capacity, or sign and submit documents on her behalf. See 28 U.S.C. § 1654; In re Cook, 589 F. App'x 44, 46 (3d Cir. 2014). Therefore, the Court will consider Defendants' motions to be unopposed by Plaintiff Nicole Zelma. Any further documents signed and submitted by Plaintiff Richard Zelma on behalf of any other individual will be stricken as to the other party.

was heard. See Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motions are granted.

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motions. Richard M. Zelma is a resident of Norwood, New Jersey, and Nicole Zelma is a resident of Dumont, New Jersey. Complaint "Compl." ECF No. 1-1 ¶ 3, 4. Defendant CTI is a corporation with its principal place of business in Nebraska. Id. ¶ 6. Defendants Patrick and Bruce Burke own and operate CTI. Id. ¶ 5. CTI is a common carrier, licensed by the Federal Communications Commission, and provides phone number subscription services, identification services, automated dialing with announcement, and call routing. Id. ¶ 15. The Complaint also alleges CTI has a call center through which it engages. Id. ¶ 20.

Plaintiffs allege CTI used an automatic dialing and announcement device to initiate unwanted telephone calls to each of their cell phone numbers. Id. ¶ 44-46, 55. "Each call received produced a local number on Plaintiffs [sic] caller ID . . . which when dialed, failed to reach a live representative during normal business hours." Id. ¶ 63. Plaintiffs allege Defendants "knowingly hid, blocked or deprogrammed the real phone numbers from which the calls [were] initiated to purposely hide the true identity of the call centers." Id. ¶ 64.

The companies identified in the subject calls were America's Choice Construction and All American Chimney & Duct Cleaning. Id. ¶ 24. As CTI has not produced the information for these companies, Plaintiffs "believe[] these entities do not exist and are merely a fabrication of CTI to hide its own prohibited calls." Id. "Upon Plaintiffs [sic] understanding and belief, [these] are

---

See Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper . . .").

merely vaporous entities fabricated by the Burke's [sic] in one of several attempts to harvest names of homeowners," which could then be sold to "contractors throughout the area." Id. ¶ 31.

Plaintiffs filed a Complaint on April 1, 2016 with the Superior Court of New Jersey, Bergen County Law Division. See Compl. On May 6, 2016, Defendants removed this matter to federal court. ECF No. 1. In the Complaint, Plaintiffs assert three counts in violation of the Telephone Consumer Protection Act ("TCPA"): (1) Violation of 47 U.S.C. § 227(b)(1)(B), prohibiting the use of an automated telephone dialing and announcement device; (2) Violation of 47 U.S.C. § 227(c), providing a private right of action for an individual receiving more than one telephone call in any twelve-month period by an entity in violation of the regulations; and (3) Treble Damages for Willful or Knowing Violations of the TCPA, 47 U.S.C. § 227(b)(3)(C).

### III.     DISCUSSION

Defendants argue the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction over Patrick and Bruce Burke under Rule 12(b)(2). As personal jurisdiction is a threshold matter, the Court will address Defendants' motion to dismiss under 12(b)(2) before addressing whether the Complaint is sufficiently pled. See Tagayun v. Lever & Stolzenberg, 239 F. App'x 708, 710 (3d Cir. 2007).

#### A.     Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(2)

Defendants Patrick and Bruce Burke (the "Burkes") argue this Court lacks personal jurisdiction over them because they "have no connections whatsoever to New Jersey." ECF No. 7 at 1. "Personal jurisdiction analysis looks to the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." Arpaio v. Dupre, 527 F. App'x 108, 112 (3d Cir. 2013). Because New Jersey's long-arm statute permits the exercise of personal jurisdiction to the full extent allowed under the Due Process Clause, "the two jurisdictional inquiries in this case

collapse into one: whether the exercise of jurisdiction comports with due process." Senju Pharm. Co. v. Metrics, Inc., 96 F. Supp. 3d 428, 435 (D.N.J. 2015). There are two types of personal jurisdiction that reflect the requirements of the Due Process Clause of the Fourteenth Amendment—general jurisdiction and specific jurisdiction. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).

The Complaint alleges "[t]his Court has general jurisdiction . . . where the Defendant[s] engaged in substantial, continuous and systematic activities, repeatedly initiating unwanted auto-dialed calls into New Jersey . . . ." Compl. ¶ 11. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). Here, the Complaint does not allege the Burkes are domiciled in the state of New Jersey, but rather that the Burkes conduct the day-to-day operations of CTI, which is "believed to be located" in Nebraska. Compl. ¶ 6. Therefore, as the Complaint does not allege the Burkes are domiciled in the state of New Jersey, this Court does not have general jurisdiction over the Burkes.

Next, the Complaint alleges "[t]his Court has specific jurisdiction over the Defendants under authority of N.J.S.A. §56:8-119 as Defendants were strictly prohibited from soliciting Plaintiffs as New Jersey residents and the controlling jurisdiction in which the violations occurred." Compl. ¶ 10. As previously stated, however, this Court may assert specific jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment, and thus this statute does not provide this Court with additional jurisdictional authority over Defendants. See Fatouros v. Lambrakis, 627 F. App'x 84, 87 (3d Cir. 2015), cert. denied, 137 S. Ct. 79 (2016).

Rather, specific jurisdiction describes the authority to exercise jurisdiction "when [a] claim arises from or relates to conduct purposely directed at the forum state." Kehm Oil Co. v. Texaco,

4

Inc., 537 F.3d 290, 300 (3d Cir. 2008). "When a defendant challenges a court's exercise of personal jurisdiction in a 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" Petrucelli v. Rusin, 642 F. App'x 108, 109 (3d Cir. 2016) (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). Where, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). In determining whether Plaintiff has established a *prima facie* case, the Court is required to "accept the allegations in the complaint as true and to construe any disputed facts in [Plaintiff's] favor." Fatouros, 627 F. App'x at 87. Still, for Plaintiff to meet his burden, he "must 'establish[] jurisdictional facts through sworn affidavits or other competent evidence.'" Cerciello v. Canale, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting Miller Yacht Sales, Inc., 384 F.3d at 101 n.6).

"Determining whether specific jurisdiction exists involves three steps: (1) the defendant must have purposefully directed his activities to the forum; (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and (3) the assertion of jurisdiction must otherwise comport with fair play and substantial justice." Arpaio, 527 F. App'x at 112.

Here, Plaintiffs have not submitted affidavits, sworn declarations or certifications to support their claims that this Court has personal jurisdiction over the Burkes. See Cerciello, 563 F. App'x at 925 n.1 ("[B]are pleadings alone are insufficient to withstand a motion to dismiss for lack of personal jurisdiction.") (internal quotation marks omitted). Nonetheless, viewed in the light most favorable to Plaintiffs, the Complaint does not allege with sufficient particularity

5

conduct performed by the Burkes individually which was purposely directed at the forum state of New Jersey.

The Complaint contains two allegations against the Burkes specifically. First, the Complaint alleges "Plaintiff made several diligent inquires [sic] with Defendant Bruce Burke to provide more specific information on his client, but regretfully Burke refused to do so." Compl. ¶ 8. It is well established that unilateral conduct by a plaintiff cannot form the basis for specific jurisdiction. See Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

Next, the Complaint alleges "[t]he Burke Defendants used their services, initiated outbound telephone calls to both Plaintiffs [sic] homes, to induce the purchase of repair and maintenance services from the yet unidentified Doe defendants." Compl. ¶ 26. The Complaint states that because Defendants had not provided Plaintiffs with information of the companies that placed telephone calls to Plaintiffs' homes, that Plaintiffs therefore "believed these entities do not exist and are merely a fabrication of CTI to hide its own prohibited calls." Compl. ¶ 24. Plaintiffs' speculative and conclusory allegations against the Burke Defendants are insufficient to meet their burden to prove a *prima facia* case of specific jurisdiction with reasonable particularity.

In Arpaio v. Dupre, the Third Circuit found the plaintiff had "not presented evidence sufficient to demonstrate facts that establish specific personal jurisdiction over" the defendant when the plaintiff failed to provide evidence that video footage giving rise to the plaintiff's complaint was distributed by the defendants in New Jersey or elsewhere. Similarly, here, Plaintiffs have not provided any evidence that the phone calls giving rise to their Complaint were initiated by the Burkes. See Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) ("[T]he

6

plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction . . . ."). Accordingly, the Burkes' motion to dismiss pursuant to Rule 12(b)(2) for lack of jurisdiction is granted.

### B. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

Defendant CTI argues that the Complaint fails to state a claim, as "the Complaint makes clear, the alleged calls were placed, if at all, by 'Americas [sic] Choice Construction and/or All American Chimney & Duct Cleaning,' or someone on their behalf," rather than Defendant CTI itself. ECF No. 6 at 1. While the Complaint does allege Defendant CTI itself placed the phone calls, Plaintiffs' speculative pleading does not suffice to state a claim. The Complaint alleges that because CTI failed to "provide the true identity" of these entities, Plaintiffs believe "these entities do not exist and are merely a fabrication of CTI to hide its own prohibited calls." Compl. ¶ 24. The Complaint further states "Defendant CTI engaged in this prohibited telemarketing to induce consumers to invest in remodeling or maintenance services for their home." Id. ¶ 32. Plaintiffs' Complaint provides no further facts to support their belief that Defendant CTI placed the phone calls itself. The Court finds Plaintiffs' admittedly speculative assertions without "further factual enhancement" are insufficient to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, Defendant CTI's motion to dismiss pursuant to Rule 12(b)(6) is granted.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted. To the extent the pleading deficiencies identified by this Court can be cured by way of amendment, Plaintiffs are hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

Date: Jany 4, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.